**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

STEVEN MALDONADO,

      Plaintiff,

vs.                                                 No. CIV 19-0192 JB\KK

MANUEL MALDONADO,
COUNTY OF GRANTS, and the
SIXTH JUDICIAL DISTRICT COURT,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Plaintiff's Prisoner Civil Rights Complaint, filed March 7, 2019 (Doc. 1)("Complaint"). Plaintiff Steven Maldonado proceeds pro se and in forma pauperis. See Order Granting Leave to Proceed Pursuant to 28 U.S.C. § 1915(b) at 1, filed June 13, 2019 (Doc. 6)("IFP Order"). He asserts civil claims stemming from his state convictions for criminal sexual penetration of a child under thirteen years of age. Having carefully reviewed the matter under 28 U.S.C. § 1915(e) and rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court concludes that the claims are barred as a matter of law. The Court will dismiss the Complaint with prejudice.

**FACTUAL AND PROCEDURAL BACKGROUND**

S. Maldonado is a state inmate at the Otero County Prison Facility in Chaparral, New Mexico. See Complaint at 1. The Complaint raises claims against: (i) the Grant County, New Mexico, Sheriff Department Transport Sergeant Manuel Maldonado ("M. Maldonado"); and (ii) the County of Grant. See Complaint at 1-2. S. Maldonado's Motion to Compel Discovery, filed January 27, 2020, appears to add a third Defendant, the Sixth Judicial District Court, State of New Mexico. See Motion to Compel Discovery at 1 (Doc. 14)("Discovery Motion"). The

Complaint raises civil rights claims based on S. Maldonado's 2013 arrest and prosecution for an unspecified crime.  The state criminal docket, which is subject to judicial notice, reflects that S. Maldonado pled guilty to two counts of criminal sexual penetration of a child under thirteen and one count of criminal sexual contact of a child under thirteen.   See State v. Maldonado, Repeated Offender Plea and Disposition Agreement at 1, Case No. D-608-CR-2013-00181, filed March 21, 2017, Sixth Judicial District Court, State of New Mexico.   See also United States v. Ahidley, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007)(concluding that courts have "discretion to take judicial notice of publicly-filed records . . . and certain other courts concerning matters that bear directly upon the disposition of the case at hand"); Stack v. McCotter, 79 F. App'x 383 (10th Cir. 2003)[1](holding that a state district court's docket sheet was an official court record subject to judicial notice under Fed. R. Evid. 201); Van Duzer v. Simms, No. CIV 18-0405 JB/LF, 2018 WL 2138652, at *1 n.1 (D.N.M. May 9, 2018)(Browning, J.)(courts may take judicial notice of New Mexico state criminal

---

[1]Stack v. McCotter is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it.   See 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value.").   The United States Court of Appeals for the Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005).   The Court concludes that Stack v. McCotter and the other unpublished opinions cited herein, Orvis v. Pleasant Grove City, 200 F. App'x 730 (10th Cir. 2006); Crabtree v. Oklahoma, 564 F. App'x 402 (10th Cir. 2014); Eikenberry v. Seward Cty., Kansas, 734 F. App'x 572 (10th Cir. 2018); and Allen v. Lang, 738 F. App'x 934 (10th Cir. 2018), all have persuasive value with respect to material issues and will assist the Court in its disposition of this Memorandum Opinion and Order.

dockets).

According to the Complaint, M. Maldonado altered evidence in the state rape case.  <u>See</u> Complaint at 3.   S. Maldonado alleges that M. Maldonado transported the victim, presumably to or from the police station, during the investigation.  <u>See</u> Complaint at 3.   Someone allegedly coached the victim on her statement to police.  <u>See</u> Complaint at 3.   The Complaint does not specify who did the coaching, but the allegations appear to imply that M. Maldonado may have done the coaching during the car ride.  <u>See</u> Complaint at 3.   S. Maldonado further alleges that M. Maldonado altered, "re-transcribed," and "re-worded" the transcripts of the victim's April 23, 2018 police interview.   Complaint at 3.   Specifically, M. Maldonado purportedly removed certain statements to Connie Campos, a specialist who worked for the Children's Advocacy Center in Las Cruces, New Mexico.  <u>See</u> Complaint at 3.   Finally, the Complaint addresses the DNA evidence in the case, contending that DNA swabs from his hand and mouth did not match the semen found on the victim or on her sheets.  <u>See</u> Complaint at 3-4.   As to Grant County, the Complaint alleges only that the County Clerk "denie[d] [S. Maldonado's] right to a one time free copy of court transcripts for March 20th."   Complaint at 2.

The Complaint does not specify what relief, if any, S. Maldonado seeks.   S. Maldonado submits the form 42 U.S.C. § 1983 pleading, but it appears that he omits the page addressing the "prayer for relief."   Complaint at 4, 6 (omitting page 5 and jumping from pages 4 to 6). Construed liberally, S. Maldonado appears to seek relief from his state rape convictions. S. Maldonado also may seek damages under § 1983 from M. Maldonado, the County of Grant, and the Sixth Judicial District Court, State of New Mexico, based on the allegedly improper

criminal investigation.   After filing the Complaint, S. Maldonado filed three handwritten letters along with the Discovery Motion.   <u>See</u> Letter from S. Maldonado to U.S. District Court at 1, filed August 2, 2019 (Doc. 7); Letter from S. Maldonado to U.S. District Court at 1, filed August 15, 2019 (Doc. 8); Letter from S. Maldonado to U.S. District Court at 1, filed August 21, 2019 (Doc. 9)(together, the "Supplemental Filings").   <u>See also</u> Discovery Motion at 1.   The Discovery Motion and the Supplemental Filings reiterate S. Maldonado's argument that M. Maldonado altered the victim's interview transcripts, and they request copies of evidence and pleadings from the state criminal proceeding.   <u>See</u> Discovery Motion at 1; Supplemental Filings at 1. S. Maldonado alleges that these documents will "prove [his] claims."   Discovery Motion at 1.

The Court referred the matter to the Honorable Kirtan Khalsa, United States Magistrate Judge for the United States District Court for the District of New Mexico, for recommended findings and disposition, and to enter non-dispositive orders.   <u>See</u> Order of Reference Relating to Prisoner Cases at 1, filed March 8, 2019 (Doc. 3).   S. Maldonado obtained leave to proceed in forma pauperis and submitted an initial partial filing fee, and the matter is ready for sua sponte initial review.   <u>See</u> IFP Order at 1.

### <u>LAW REGARDING INITIAL REVIEW OF PRISONER COMPLAINTS</u>

Section 1915(e) of Title 28 of the United States Code requires courts to conduct a sua sponte review of all civil complaints where the plaintiff is proceeding in forma pauperis.   <u>See</u> 28 U.S.C. § 1915(e).   The court must dismiss any in forma pauperis complaint that is frivolous, malicious, or "fails to state a claim on which relief may be granted."   28 U.S.C. § 1915(e)(2). The court may also dismiss a complaint sua sponte under rule 12(b)(6) if "it is patently obvious

that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile."   Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (internal quotation marks omitted).   In other words, the same standard of review applies under rule 12(b)(6) and § 1915(e).

Rule 12(b)(6) tests the "sufficiency of the allegations within the four corners of the complaint after taking those allegations as true."   Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994)(citing Williams v. Meese, 926 F.2d 994, 997 (10th Cir. 1991)).   A complaint's sufficiency is a question of law, and, when reviewing the complaint, a court must accept as true all of a complaint's well-pled factual allegations, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor.   See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322-23 (2007)("[O]nly '[i]f a reasonable person could not draw . . . an inference [of plausibility] from the alleged facts' would the defendant prevail on a motion to dismiss." (quoting Makor Issues & Rights, Ltd. v. Tellabs, Inc, 437 F.3d 588, 602 (7th Cir. 2006)(second alteration in Tellabs, Inc. v. Makor Issues & Rights, Ltd.))); Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009)("[F]or purposes of resolving a Rule 12(b)(6) motion, we accept as true all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff.").

A complaint need not set forth detailed factual allegations, but "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action'" is insufficient.   Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).   "Threadbare recitals of the elements of a cause of action, supported

- 5 -

by mere conclusory statements, do not suffice."   Ashcroft v. Iqbal, 556 U.S. at 678.   "Factual

allegations must be enough to raise a right to relief above the speculative level, on the assumption

that all the allegations in the complaint are true (even if doubtful in fact)."   Bell Atl. Corp. v.

Twombly, 550 U.S. at 555 (citations and footnote omitted).

To survive rule 12(b)(6) review, a plaintiff's complaint must contain sufficient "facts that,

if assumed to be true, state a claim to relief that is plausible on its face."   Mink v. Knox, 613 F.3d

995, 1000 (10th Cir. 2010).   "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged."   Ashcroft v. Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550

U.S. at 556).   "Thus, the mere metaphysical possibility that some plaintiff could prove some set

of facts in support of the pleaded claims is insufficient; the complainant must give the court reason

to believe that this plaintiff has a reasonable likelihood of mustering factual support for these

claims."   Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir.

2007)(emphasis omitted).   The United States Court of Appeals for the Tenth Circuit has stated:

> "[P]lausibility" in this context must refer to the scope of the allegations in a
> complaint: if they are so general that they encompass a wide swath of conduct,
> much of it innocent, then the plaintiffs "have not nudged their claims across the line
> from conceivable to plausible."   The allegations must be enough that, if assumed
> to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008)(citation omitted)(quoting Bell Atl.

Corp. v. Twombly, 550 U.S. at 570).

In conducting the initial review, a pro se prisoner's pleadings "are to be construed liberally

and held to a less stringent standard than formal pleadings drafted by lawyers."   Hall v. Bellmon,

935 F.2d at 1110.   If the court can "reasonably read the pleadings to state a valid claim on which

the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal

authority, . . . confusion of various legal theories, . . . poor syntax and sentence construction, or

. . . unfamiliarity with pleading requirements."   Hall v. Bellmon, 935 F.2d at 1110.   At the same

time, however, the court cannot serve as advocate for the pro se prisoner or construct theories on

his or her behalf.   See Hall v. Bellmon, 935 F.2d at 1110.

## LAW REGARDING § 1983

Section 1983 of Title 42 of the United States Code provides:

> Every person who, under color of any statute, ordinance, regulation,
> custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen
> of the United States or other person within the jurisdiction thereof to the deprivation
> of any rights, privileges, or immunities secured by the Constitution and laws, shall
> be liable to the party injured in an action at law, suit in equity, or other proper
> proceeding for redress[.]

42 U.S.C. § 1983.   Section 1983 creates only the right of action; it does not create any substantive

rights, and substantive rights must come from the Constitution of the United States of America or

from a federal statute.   See Nelson v. Geringer, 295 F.3d 1082, 1097 (10th Cir. 2002)("[S]ection

1983 did not create any substantive rights, but merely enforces existing constitutional and federal

statutory rights.")(internal quotation marks, alteration, and citation omitted).   Section 1983

authorizes an injured person to assert a claim for relief against a person who, acting under color of

state law, violated the claimant's federally protected rights.   To state a valid claim under § 1983,

a plaintiff must allege: (i) a deprivation of a federal right; and (ii) that the person who deprived the

plaintiff of that right acted under color of state law.   See West v. Atkins, 487 U.S. 42, 48 (1988).

The Court has noted:

- 7 -

> [A] plaintiff must establish (1) a violation of rights protected by the federal Constitution or created by federal statute or regulation, (2) proximately caused (3) by the conduct of a "person" (4) who acted under color of any statute, ordinance, regulation, custom[,] or usage, of any State or Territory or the District of Columbia.

Schaefer v. Las Cruces Pub. Sch. Dist., 716 F. Supp. 2d 1052, 1063 (D.N.M. 2010)(Browning, J.)(quoting Summum v. City of Ogden, 297 F.3d 995, 1000 (10th Cir. 2002)).

The Supreme Court of the United States of America clarified that, in alleging a § 1983 action against a government agent in his or her individual capacity, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. at 676. Consequently, there is no respondeat superior liability under § 1983. See Ashcroft v. Iqbal, 556 U.S. at 675; Bd. of Cty. Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Entities cannot be held liable solely on the existence of an employer-employee relationship with an alleged tortfeasor. See Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 689 (1978). Supervisors can be held liable only for their own unconstitutional or illegal policies, and not for their employees' tortious acts. See Barney v. Pulsipher, 143 F.3d 1299, 1307-08 (10th Cir. 1998).

The Tenth Circuit recognizes that non-supervisory defendants may be liable if they knew or reasonably should have known that their conduct would lead to others depriving the plaintiff of constitutional rights, and an unforeseeable intervening act has not terminated their liability. See Martinez v. Carson, 697 F.3d 1252, 1255 (10th Cir. 2012)(quoting 42 U.S.C. § 1983; Trask v. Franco, 446 F.3d 1036, 1046 (10th Cir. 2006)(internal quotation marks omitted)). The Tenth Circuit also recognizes that Ashcroft v. Iqbal limits, but does not eliminate, supervisory liability for government officials based on an employee's or subordinate's constitutional violations. See

Garcia v. Casuas, No. CIV 11-0011 JB/RHS 2011, WL 7444745, at *25-26 (D.N.M. Dec. 8, 2011)(Browning, J.)(citing Dodds v. Richardson, 614 F.3d 1185, 1199 (10th Cir. 2010)).   The language that may have altered the landscape for supervisory liability in Ashcroft v. Iqbal is: "Because vicarious liability is inapplicable to Bivens[2] and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."   Ashcroft v. Iqbal, 556 U.S. at 676.   The Tenth Circuit in Dodds v. Richardson states:

> Whatever else can be said about Iqbal, and certainly much can be said, we conclude the following basis of § 1983 liability survived it and ultimately resolves this case: § 1983 allows a plaintiff to impose liability upon a defendant-supervisor who creates, promulgates, implements, or in some other way possesses responsibility for the continued operation of a policy the enforcement (by the defendant-supervisor or her subordinates) of which "subjects, or causes to be subjected" that plaintiff "to the deprivation of any rights . . . secured by the Constitution[]"

Dodds v. Richardson, 614 F.3d at 1199 (quoting 42 U.S.C. § 1983).   The Tenth Circuit notes, however, that "Iqbal may very well have abrogated § 1983 supervisory liability as we previously understood it in this circuit in ways we do not need to address to resolve this case."   Dodds v. Richardson, 614 F.3d at 1200.   It concludes that Ashcroft v. Iqbal did not alter "the Supreme Court's previously enunciated § 1983 causation and personal involvement analysis."   Dodds v.

---

[2]In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)("Bivens"), the Supreme Court of the United States held that a violation of the Fourth Amendment of the Constitution of the United States "by a federal agent acting under color of his authority gives rise to a cause of action for damages consequent upon his unconstitutional conduct."   403 U.S. at 389.   Thus, in a Bivens action, a plaintiff may seek damages when a federal officer acting in the color of federal authority violates the plaintiff's constitutional rights. See Bivens, 403 U.S. at 389; Ashcroft v. Iqbal, 556 U.S. at 675-76 (stating that Bivens actions are the "federal analog" to § 1983 actions).

Richardson, 614 F.3d at 1200.   More specifically, the Tenth Circuit recognizes that there must be "an 'affirmative' link . . . between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy . . . -- express or otherwise -- showing their authorization or approval of such misconduct.'"   Dodds v. Richardson, 614 F.3d at 1200-01 (quoting Rizzo v. Goode, 423 U.S. at 371).   The specific example that the Tenth Circuit uses to illustrate this principle is Rizzo v. Goode, 423 U.S. 362 (1976), where the plaintiff sought to hold a mayor, a police commissioner, and other city officials liable under § 1983 for constitutional violations that unnamed individual police officers committed.   See Dodds v. Richardson, 614 F.3d at 1200 (quoting Rizzo v. Goode, 423 U.S. at 371).   The Tenth Circuit notes that the Supreme Court in that case found a sufficient link between the police misconduct and the city officials' conduct, because there was a deliberate plan by some of the named defendants to "crush the nascent labor organizations."   Dodds v. Richardson, 614 F.3d at 1200 (quoting Rizzo v. Goode, 423 U.S. at 371).

## LAW REGARDING HECK v. HUMPHREY'S BAR

The Heck v. Humphrey, 512 U.S. 477 (1994), doctrine "avoids allowing collateral attacks on criminal judgments through civil litigation."   McDonough v. Smith, 139 S. Ct. 2149, 2157 (2019).   In Heck v. Humphrey, the Supreme Court addressed when a prisoner may bring a § 1983 claim relating to his conviction or sentence.   See 512 U.S. at 487.   The Supreme Court held that, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or of his sentence.   See Heck v. Humphrey, 512 U.S. at 487.   If the judgment would invalidate a sentence

or conviction, the complaint must be dismissed with prejudice.   See Heck v. Humphrey, 512 U.S. at 487.   Similarly, although in some circumstances a prospective injunction may be available under § 1983, the Heck v. Humphrey doctrine also bars declaratory and injunctive relief to the extent that a request for declaratory or injunctive relief would necessarily invalidate the prisoner's conviction or sentence.   See Wilkinson v. Dotson, 544 U.S. 74, 80-81 (2005); Edwards v. Balisok, 520 U.S. 641 (1997).

Heck v. Humphrey does not apply to claims arising from criminal convictions that have been invalidated in a prior proceeding.   See Heck v. Humphrey, 512 U.S. at 487.   To demonstrate that a conviction or sentence has been invalidated, the plaintiff must prove that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."   Heck v. Humphrey, 512 U.S. at 487. Ultimately, to bring a section 1983 action for damages, a prisoner-plaintiff "must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence."   Muhammed v. Close, 540 U.S. 749, 751 (2004).

Heck v. Humphrey also provides guidance on what relief is available through a § 1983 civil rights proceeding versus a habeas corpus proceeding under 28 U.S.C. § 2254.   The Supreme Court notes that, while "42 U.S.C. § 1983, and the federal habeas corpus statute, 28 U.S.C. § 2254," "both . . . provide access to a federal forum for claims of unconstitutional treatment at the hands of state officials, . . . they differ in their scope and operation."   Heck v. Humphrey, 512 U.S. at 480.   Section 1983 proceedings seek damages or injunctive relief based on a prisoner's

conditions of confinement.   See Heck v. Humphrey, 512 U.S. at 480.   See also Boutwell v. Keating, 399 F.3d 1203, 1208 (10th Cir. 2005)("[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life.")(quoting Preiser v. Rodriguez, 411 U.S. 475, 499 (1973)).   By contrast, "[h]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release."   Heck v. Humphrey, 512 U.S. at 480.

## ANALYSIS

S. Maldonado asserts claims against M. Maldonado and the Sixth Judicial District Court based on alleged defects in his state criminal proceeding.   See Complaint, at 1-3.   He also raises a claim against Grant County based on the County Clerk's refusal to provide free court records. See Complaint at 2.   After filing the Complaint, S. Maldonado filed several letter motions, along with a Discovery Motion.   See Supplemental Filings.   The Supplemental Filings reiterate S. Maldonado's claims in his Complaint, and the Court has considered those Supplemental Filings along with the Complaint.   The Court will analyze S. Maldonado's allegations stemming from his criminal proceeding and the refusal to provide records before determining whether to compel further discovery.

## I.   S. MALDONADO DOES NOT STATE VIABLE CIVIL RIGHTS CLAIMS BASED ON ALLEGED DEFECTS IN HIS STATE CRIMINAL PROCEEDING.

S. Maldonado's Complaint primarily raises claims based on defects in his state criminal proceeding.   The Complaint alleges: (i) someone coached the victim to make false statements to police; (ii) M. Maldonado altered the transcript of the victim's testimony in S. Maldonado's state rape case; (iii) S. Maldonado's DNA did not match the seminal fluid on the victim's body and

sheets.   See Complaint, at 1-3.

As explained above, under Heck v. Humphrey, "a § 1983 plaintiff who has been convicted in a criminal prosecution cannot challenge the process leading to his conviction unless and until the conviction has been invalidated."   Orvis v. Pleasant Grove City, 200 F. App'x 730, 732 (10th Cir. 2006).   The state criminal docket reflects that S. Maldonado's rape convictions have not been invalidated and remain in effect.   S. Maldonado filed multiple state habeas proceedings challenging the convictions, and the state court denied the most recent petition on January 8, 2020. See CLS: Order of Dismissal at 1, filed January 8, 2020, Case No. D-608-CR-2013-00181, Sixth Judicial District Court, State of New Mexico.   To the extent S. Maldonado wishes to be compensated for any witness coaching, falsified transcripts, or evidentiary issues, such relief would necessarily attack the criminal proceedings.   See Crabtree v. Oklahoma, 564 F. App'x 402, 404 (10th Cir. 2014)(noting that Heck v. Humphrey bars claims that "state officials relied on perjured testimony" to pursue a crime the plaintiff "insists never happened"); Eikenberry v. Seward Cty., Kan., 734 F. App'x 572, 575 (10th Cir. 2018)(noting the underlying conviction "would necessarily be invalid if [the plaintiff] were to prevail on his [§ 1983] causes of action for the creation of false evidence").   Heck v. Humphrey therefore bars S. Maldonado's civil rights claims stemming from defects in his state criminal proceedings as a matter of law.

To the extent that S. Maldonado asks the Court to vacate his state rape convictions or to intervene in the state court proceeding, such relief is not available in this federal civil rights action. Heck v. Humphrey explicitly held that "[h]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release."

Heck v. Humphrey, 512 U.S. at 480.   See Johnson v. Taylor, 347 F.2d 365, 366 (10th Cir. 1965)

(holding that "[t]he exclusive remedy for testing the validity of a judgment and sentence" is a

habeas corpus proceeding).   On May 26, 2020, S. Maldonado filed a 28 U.S.C. § 2254 proceeding,

which raises the same arguments as the Complaint and is still pending.   See Maldonado v.

Martinez, 20-cv-0507 MV-GJF.   Accordingly, S. Maldonado can obtain relief from his state

conviction only through that habeas action, and S. Maldonado's civil rights claims stemming from

his state rape criminal convictions fail as a matter of law.

## II.   S. MALDONADO'S ALLEGATION REGARDING THE REFUSAL TO PROVIDE RECORDS DOES NOT STATE A FEDERAL LAW CLAIM ON WHICH RELIEF CAN BE GRANTED.

Aside from raising defects in the state criminal investigation, the Complaint raises only

one other claim.   See Complaint, at 2.   S. Maldonado alleges that the Grant County Clerk

"denie[d] [him his] right to a one-time free copy of court transcripts for March 20th."   Complaint

at 2.   Accepting this allegation as true, relief is unavailable under the federal civil rights statute,

42 U.S.C. § 1983.   "A common law right exists to inspect and copy judicial records."   United

States v. Hickey, 767 F.2d 705, 708 (10th Cir. 1985).   It is "'clearly established that court

documents are covered by a common law right of access.'"   United States v. Chapman, No. CR

14-1065 JB, 2015 WL 4461243 (D.N.M. July 15, 2015)(Browning, J.)(quoting United States v.

McVeigh, 119 F.3d 806, 814 (10th Cir. 1997)).   New Mexico's Inspection of Public Records Act,

N.M. Stat. Ann. § 14-2-1, states that "[e]very person has a right to inspect public records of this

state except" certain designated records.   N.M. Stat. Ann. § 14-2-1.

Although this right is grounded in the common law, "there is no constitutional right, and

- 14 -

specifically no First Amendment right, of access to government records." Lanphere & Urbaniak v. Colorado, 21 F.3d 1508, 1511 (10th Cir. 1994). See McBurney v. Young, 569 U.S. 221, 232 (2013)(recognizing the Supreme Court "has repeatedly made clear that there is no constitutional right to obtain all the information provided by [freedom of information] laws"); Allen v. Lang, 738 F. App'x 934, 939 (10th Cir. 2018)(stating that plaintiffs cannot maintain a § 1983 claim against the county clerk based on the refusal to provide records); Houchins v. KQED, Inc., 438 U.S. 1, 15 (1978)("Neither the First Amendment nor the Fourteenth Amendment mandates a right of access to government information or sources of information within the government's control."). While S. Maldonado states a claim to access the records, the Court does not have subject-matter jurisdiction over his claim, which properly belongs in state court. See 28 U.S.C. §§ 1331, 1332, 1367. Because S. Maldonado is not entitled to damages or injunctive relief based on the denial of records under § 1983, the claim fails as a matter of law.

## III.  **THE COURT WILL DISMISS THE COMPLAINT.**

Having determined that S. Maldonado cannot recover under § 1983, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.  The Tenth Circuit counsels that, in pro se prisoner cases, the Court should sua sponte grant leave to amend "where deficiencies in a complaint are attributable to oversights likely the result of an untutored pro se litigant's ignorance of special pleading requirements[.]" Reynoldson v. Shillinger, 907 F.2d 124, 126 (10th Cir. 1990).  Leave to amend need not be granted, however, when the amended complaint would also be subject to immediate dismissal under rule 12(b)(6) or under § 1915(e).  See Hall v. Bellmon, 935 F.2d at 1109.  As a matter of

law, S. Maldonado cannot challenge his state criminal conviction in this civil rights proceeding, and he cannot obtain § 1983 relief based on the denial of state court records.   The Court therefore declines to invite an amendment sua sponte and will dismiss the Complaint.

## IV.   THE COURT WILL DENY THE PENDING DISCOVERY MOTION.

In the Discovery Motion, S. Maldonado seeks state court records to support his claims challenging the state rape convictions.   Because S. Maldonado cannot challenge the convictions in this proceeding, the Court will deny the Discovery Motion.   The Court notes, however, that notwithstanding such denial, S. Maldonado may discover the state records, if appropriate, in his pending 28 U.S.C. § 2254 habeas proceeding.   See Maldonado v. Martinez, No. CIV 20-0507 MV-GJF.   If that proceeding survives initial review, the judge assigned to the case will order the State of New Mexico to answer his petition.   See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, effective February 1, 1997 and amended on February 1, 2010.   Pursuant to local custom, the Order to Answer will direct the State of New Mexico to attach all state criminal filings to the response.   If S. Maldonado wishes to proffer additional evidence in the habeas proceeding, he may file a motion before the Honorable Martha Vazquez, United States District Judge for the United States District Court for the District of New Mexico, to expand the record pursuant to rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

**IT IS ORDERED** that: (i) Plaintiff's Prisoner Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed March 7, 2019 (Doc. 1) is dismissed with prejudice; (ii) the Plaintiff's Motion to Compel Discovery at 1, filed January 27, 2020 (Doc. 14), is denied; and (iii) the Court

will enter a separate Final Judgment consistent with this Memorandum Opinion and Order.


_____
UNITED STATES DISTRICT JUDGE


*Parties:*

Steven Maldonado
Chaparral, New Mexico

      *Plaintiff pro se*